129 F.3d 127
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Samir TAHA, Plaintiff-Appellant,
v.
PORTLAND TAXI CAB CO.; Robert Elliott; Randy Owens,
Defendants-Appellees.
 No. 97-35300.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1997.**
Decided Nov. 7, 1997.
 
 Appeal from the United States District Court for the District of Oregon, No. CV-96-00419-ALH; Ancer L. Haggerty, District Judge, Presiding.
 Before: HUG, Chief Judge, PREGERSON, and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Samir Taha, a former taxi driver of Arab descent, appeals pro se the district court's summary judgment for Portland Taxi Cab Company and two of its officers ("Portland Taxi") in his race discrimination action alleging that the termination of his taxi permit sublease violated 42 U.S.C. § 1981 and § 1985(3). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Taha contends that: (1) summary judgment for Portland Taxi was improper because he raised a genuine issue of material fact as to pretext, and (2) denial of his motion to disqualify the district court judge was an abuse of discretion.[1] These contentions lack merit.
 
 
 4
 We review de novo the grant of summary judgment. See Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996). We must determine whether there are any genuine issues of material fact and whether the district court properly applied the law. See id.
 
 
 5
 Under 42 U.S.C. § 1981, a plaintiff must first establish a prima facie case of discrimination, then defendants must articulate a legitimate nondiscriminatory reason for the challenged action, and finally plaintiff must show that the proffered reason is merely a pretext for discrimination. See Wallis v. J.R. Simplot Co., 26 F 3d 885, 889 (9th Cir.1994).[2]
 
 
 6
 Here, Taha alleged that his taxi permit sublease contained unusually restrictive terms because he is Arab, and that during an argument following the termination of his sublease, the vice-president of Portland Taxi called him a "lousy foreigner." In turn, Portland Taxi presented evidence that Taha's sublease contained additional conditions because he had a record of complaints and traffic accidents, and that his sublease was terminated after one year because of further complaints from various sources, including Portland Airport Ground Transportation, a doorman at the Hilton Hotel, other taxicab drivers, Portland Taxi dispatchers, and Taha's customers.
 
 
 7
 Even if Taha stated a prima facie case of discrimination, he failed to raise a genuine issue of material fact as to pretext. See id. at 890. Accordingly, Portland Taxi was entitled to summary judgment on his § 1981 claim. See Bagdadi, 84 F.3d at 1197.
 
 
 8
 Because Taha failed to present any evidence of a conspiracy, Portland Taxi was also entitled to summary judgment on his § 1985(3) claim. See Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir.1992).
 
 
 9
 Moreover, because Taha failed to present any evidence of bias, it was not an abuse of discretion to deny his motion for disqualification. See United States v. Hernandez, 109 F.3d 1450, 1453-54 (9th Cir.1997).[3]
 
 
 10
 AFFIRMED.
 
 
 
 **
 Because the panel unanimously finds this case suitable for decision without oral argument, see Fed. R.App. P. 34(a), 9th Cir. R. 34-4, Taha's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We do not address Taha's contention that the district court abused its discretion by denying his motions for temporary restraining order and preliminary injunction because denial of these motions merged into the final judgment. See Associated Builders & Contractors v. Carpenters Vacation and Holiday Trust Fund, 700 F.2d 1269, 1274 (9th Cir.1983). Moreover, we deny Taha's request for declaratory relief from this court because it is without basis
 
 
 [2]
 Section 1981 claims are analyzed according to the scheme of proof set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See Patterson v. McLean Credit Union, 491 U.S. 164, 186 (1989)
 
 
 [3]
 Talia claimed the district court judge was biased because he delayed ruling on motions and denied oral argument. See Liteky v. United States, 510 U.S. 540, 555 (1994) ("judicial rulings alone almost never constitute valid basis for a bias or partiality motion")